# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIELLA HERNANDEZ,<br>            Plaintiff,<br>v.<br><br>BENJAMIN LOOSE; KURT LOOSE;<br>BENJAMIN JENKINS; NARVON<br>CUTTING SERVICE LLC;<br>CHRISTOPHER WILSON; TOTAL<br>TRANSPORTATION OF MISSISSIPPI<br>LLC,<br>            Defendants. | CIVIL ACTION<br><br>NO. 25-5869 |

## MEMORANDUM

**Baylson, J.**                                                                                                          **January 7, 2026**

## I.     INTRODUCTION

Plaintiff Ariella Hernandez ("Plaintiff") commenced this action asserting negligence claims arising out of a motor vehicle accident. Defendants Benjamin Loose and Kurt Loose seek dismissal of Plaintiff's claims against them for failure to state a claim ("Defendants"). For the following reasons, Defendants' Motion to Dismiss is **GRANTED, with leave to amend**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2024, Plaintiff was in a serious motor vehicle accident. See ECF 1-2 at 8. Plaintiff was a passenger in a vehicle operated by Defendant Benjamin Loose, and Defendant's vehicle experienced a flat tire, causing him to stop in the right travel lane with his hazard lights activated, rather than pulling onto the shoulder. Id. Defendant Jenkins was operating a Chevrolet truck with trailer owned by Defendant Narvon Cutting Service LLC, traveling westbound in the right lane and approaching Defendant Loose's stopped vehicle. Id. Plaintiff alleges Defendant Jenkins was driving at an unsafe speed for the rainy conditions present and attempted to avoid

1

impact by changing lanes.  Id.  In doing so, Defendant Jenkins struck both Defendant Loose's vehicle and another vehicle.  Id.

Defendant Wilson was also operating a commercial truck owned by Defendant Total Transportation of Mississippi LLC, traveling behind Defendant Jenkins' vehicle.  Id.  Plaintiff alleges Defendant Wilson was also driving at an unsafe speed for the conditions and failed to maintain a safe distance.  Id.  Wilson struck Defendant Benjamin Loose's vehicle from behind, pushing it into Jenkins' truck.  Id.  As a result of this multi-vehicle collision, Plaintiff suffered severe injuries.  Id.  Plaintiff alleges the Pennsylvania State Police issued citations to Defendants Jenkins and Wilson for driving at unsafe speeds and careless driving.  Id. at 9.

On October 3, 2025, Plaintiff filed a Complaint in the Chester County Court of Common Pleas (No. 2025-09011-TT).  See generally ECF 1-2.  On October 13, 2025, before all Defendants were served in the state court action, Defendants Christopher Wilson, Jr. and Total Transportation of Mississippi LLC removed this case to this Court.  See ECF 1.  Defendants Christopher Wilson and Total Transportation of Mississippi LLC filed an answer on October 20, 2025, with crossclaims asserted against Benjamin Jenkins, Benjamin Loose, Kurt Loose, Narvon Cutting Service LLC.[1]  ECF 8.

On December 1, 2025, Defendants Benjamin Loose and Kurt Loose filed the instant Motion to Dismiss.  ECF 13.  On December 12, 2025, Plaintiff filed an opposition brief to Defendants' Motion.  ECF 17.  On December 19, 2025, Defendants Benjamin Loose and Kurt Loose filed a reply brief.  ECF 18.

---

[1] On December 30, 2025, Defendants Benjamin Jenkins and Narvon Cutting Service LLC filed an Answer to Plaintiff's Complaint, answered any crossclaims asserted by all Co-Defendants and Third-Party Defendants named and to be named, and asserted crossclaims against Defendants Benjamin Loose, Kurt Loose, Total Transportation of Mississippi LLC, and Christopher Wilson.  See ECF 19.  As of January 6, 2026, Defendants Benjamin Loose and Kurt Loose have not responded to the crossclaims filed by Defendants Christopher Wilson and Total Transportation of Mississippi LLC (ECF 8), or the crossclaims filed by Defendants Benjamin Jenkins and Narvon Cutting Service LLC (ECF 19).

The Complaint (ECF 1-2) asserts the following claims against Defendant Benjamin Loose: (1) Negligence against Benjamin Loose (Count I).  ECF 1-2 at 9.  Other than naming Defendant Kurt Loose in the case caption, he is not named in the list of Parties, and Plaintiff does not assert any claims or a cause of action against him.  See generally ECF 1-2.

### III.   THE PARTIES' CONTENTIONS

#### A. Defendants' Contentions

First, Defendants argue the Complaint fails to state a claim against Defendant Kurt Loose because it alleges no facts concerning him.  ECF 13-2 at 3.  Other than naming Defendant Kurt Loose in the caption and listing his address in Newport Beach, California, the Complaint does not mention Defendant Kurt Loose and does not allege a cause of action against him.  Id.  Defendants further argue that the Complaint is silent as to any personal jurisdiction over Defendants Benjamin Loose and Kurt Loose.  Id. at 2–3.  Accordingly, Defendants contend there are no facts to "accept as true" for the purpose of determining whether a claim to relief is plausible on its face, and Defendant Kurt Loose should be dismissed.  Id. at 3.

Second, Defendants contend there is no cause of action for recklessness under Pennsylvania law.  Id. at 4 (citing M.U. v. Downingtown High Sch. E., 103 F. Supp. 3d 612, 629 (E.D. Pa. Apr. 27, 2015); Archibald v. Kemble, 971 A.2d 513, 519 (Pa. Super. Ct. 2009)).  Rather, where recklessness faces a challenge under Fed. R. Civ. P. 12(b)(6), this Court may construe the recklessness claim "simply as a mechanism to recover punitive damages under [Plaintiff's] negligence claim."  Id. (citing M.U., 103 F. Supp. 3d at 629; Menarde v. Tri-State Pro., No. CV 16-05560, 2017 WL 2547299, at *2 (E.D. Pa. June 13, 2017) (Perkin, M.J.)).

Defendants argue the only allegation concerning Defendant Bejamin Loose's conduct (other than the conclusory allegation that he purportedly failed to adequately warn other motorists

of the disabled vehicle on the highway), is that Defendant Benjamin Loose's vehicle experienced a flat tire, causing him to stop his vehicle with his hazard lights activated in the right travel lane. See ECF 1-2 at 8–9; ECF 13-2 at 4–5.  Defendants argue this lone allegation does not offer a plausible inference that Defendant Benjamin Loose created an unreasonable risk of harm to himself and to Plaintiff, acknowledged that risk of harm, and continued to have his vehicle stopped with the hazard lights on despite a purported acknowledgment of such a risk of harm.  ECF 13-2 at 4–5.  Defendants contend Plaintiff applies the same boilerplate assertion of "negligence, carelessness, and recklessness" against Defendant Benjamin Loose, who is merely alleged to have experienced a flat tire, stopped his vehicle, and engaged his hazard lights.  Id. at 5.  Accordingly, Defendants contend all allegations of recklessness concerning Defendant Benjamin Loose should be dismissed and stricken.  Id.

### B. Plaintiff's Contentions

First, Plaintiff argues the Complaint and references to the Police Crash Report contain sufficient factual allegations to support a reasonable inference that Kurt Loose may be liable under a theory of negligent entrustment.  ECF 17 at 5, 7–8.  Plaintiff admits the Complaint contains minimal factual allegations specifically naming Kurt Loose.  Id. at 7.  But Plaintiff contends the shared surname between Kurt Loose and Benjamin Loose supports a reasonable inference of a familial relationship, and Kurt Loose is the owner of the vehicle as indicated on the Police Crash Report, which in turn supports a reasonable inference of the ownership interest in the vehicle involved in the accident as well as Kurt's knowledge of Benjamin's, youth, inexperience, driving history, and potentially improper driving practices.  Id.

Second, Plaintiff contends the Complaint sufficiently contains factual allegations for a plausible claim of recklessness against Benjamin Loose to support punitive damages.  Id. at 10.

4

Under Pennsylvania law, recklessness requires "conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggests unconscious inadvertence." Id. at 9 (citing Tayar v. Camelback Ski Corp., 616 Pa. 385, 47 A.3d 1190 (2012)). While negligence suggests accident or mere inadvertence, recklessness denotes "an extreme departure from ordinary care, a wanton or heedless indifference to consequences, an indifference whether or not wrong is done, and an indifference to the rights of others." Id. (citing In the Int. of J.J.M., 670 Pa. 274, 265 A.3d 246 (2021)).

Plaintiff contends the Complaint alleges Defendant Benjamin Loose experienced a flat tire and activated his hazard lights but chose to stop in the active travel lane during rainy conditions rather than pulling onto the shoulder. Id. at 10–11. Plaintiff contends Defendant Benjamin Loose failed to take additional steps to warn approaching motorists of the danger ahead. Id. at 11. Plaintiff argues this intentional failure to act, combined with the decision to stop in an active travel lane during rainy conditions, rises to recklessness. Id. Plaintiff contends this demonstrates "an extreme departure from ordinary care" and "a wanton or heedless indifference to consequences." Id. Plaintiff argues whether it was "impossible" to move the vehicle off the roadway despite the flat tire is a factual question that cannot be resolved at this stage. Id. at 10–11.

Plaintiff further argues Defendant Benjamin Loose's alleged violation of 75 Pa.C. S. § 3351 supports an inference of recklessness. Id. at 11. Plaintiff contends 75 Pa.C.S. § 3351 requires that vehicles stop off the roadway when practicable, and Defendant Benjamin Loose's conduct of stopping in an active travel lane when it was practicable to pull onto the shoulder was a conscious choice that created a substantial risk of harm to others. Id.

5

Lastly, Plaintiff argues that in the even there are deficiencies in the Complaint, she should be granted leave to amend rather than a dismissal with prejudice. Id. at 12. Plaintiff argues amendment here would not be futile or prejudice Defendants. Id. at 13–14.

### C. Defendants' Reply Brief

On reply, Defendants argue that, despite Plaintiff's arguments that her representations are "drawn from the allegations in the Complaint," there are no such allegations regarding Defendant Kurt Loose. ECF 18 at 1. Defendants reiterate that other than being named in the caption, "Kurt Loose" is not even mentioned in the Complaint. Id. Defendants argue where there are no factual allegations concerning Defendant Kurt Loose, there are no reasonable inferences to be drawn as to any liability on the part of Defendant Kurt Loose. Id. at 1–2.

Furthermore, Defendants argue Plaintiff, in her Response, relies on new representations of purported fact not pled in the Complaint. Id. at 2. Defendants contend the Complaint, as pled, offers no reasonable inference that Defendant Benjamin Loose could have done anything other than that which he is alleged to have done, let alone a reasonable inference of being reckless. Id. Defendants further argue the facts alleged in the Complaint do not offer any plausible inference of recklessness. Id. at 2–3.

### IV. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of

6

further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Sciences, 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

V.   **ANALYSIS**

The Court will **GRANT** Defendants' Motion **with leave to amend**.

First, Plaintiff does not assert any cause of action in her Complaint against Kurt Loose and does not provide any details regarding any claim against him.  See ECF 1-2; ECF 13 at 3; ECF 18 at 1–2.  Plaintiff names Kurt Loose as a party in the case caption but does not name him in the list of Parties.  See ECF 1-2; ECF 13 at 3; ECF 18 at 1.  In her Response, Plaintiff argues the shared surname supports a reasonable inference of a familial relationship, and Kurt Loose is the owner of the vehicle as indicated on the Police Crash Report, which supports a reasonable inference of the ownership interest in the vehicle involved in the accident as well as Kurt's knowledge of Benjamin's driving history.  ECF 17 at 7.  This may all be true.  But there is no claim specifically against Kurt Loose or cause of action for negligent entrustment alleged in the Complaint.  See ECF 1-2; Donegal Mut. Ins. Co. v. Fackler, 835 A.2d 712, 720 (Pa. Super. 2003) (for a cause of action for negligent entrustment, plaintiff must allege the defendant permitted a third person to use a thing or engage in an activity under the defendant's control and that the defendant knew or should have known that the third person intended or was likely to cause an unreasonable risk of harm to others) (citing Restatement (Second) of Torts § 308).  Therefore, the Court will **GRANT** Defendants' Motion, **with leave to amend**, so that Plaintiff can assert a cause of action against Kurt Loose, with sufficient facts to satisfy the Twombly and Iqbal requirements.

7

Second, as to Defendant Benjamin Loose, Plaintiff's allegations of recklessness are sparse and conclusory. Plaintiff simply states that her damages were caused by the "negligence, carelessness, and recklessness of Defendant Benjamin Loose," and that Defendant Benjamin Loose's vehicle experienced a flat tire, causing Defendant Benjamin Loose to stop his vehicle with his hazard lights activated. ECF 1-2 at 8. Plaintiff includes a conclusory allegation that Defendant Benjamin Loose failed to adequately warn other motorists of the disabled vehicle on the highway (see ECF 1-2 at 9), but this is insufficient on a motion to dismiss. Plaintiff does not even cite in her Complaint to the statute (75 Pa.C.S. § 3351) that Plaintiff alleges Defendant Benjamin Loose violated to support a claim of recklessness. See ECF 1-2; ECF 17 at 10–11. Accordingly, the Court will **GRANT** Defendants' Motion, **with leave to amend**, so that Plaintiff can assert specific factual allegations of recklessness based on Defendant Benjamin Loose's conduct, with sufficient facts to satisfy the Twombly and Iqbal requirements.

## VI.   CONCLUSION

An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-5869 Hernandez v Loose\25-5869, MTD Memorandum.docx