**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARIELA HERNANDEZ,**<br>Plaintiff,<br>**v.**<br><br>**BENJAMIN LOOSE; KURT LOOSE; BENJAMIN JENKINS; NARVON CUTTING SERVICE LLC; CHRISTOPHER WILSON; TOTAL TRANSPORTATION OF MISSISSIPPI LLC,**<br>Defendants. | **CIVIL ACTION**<br><br>**NO. 25-5869** |

**MEMORANDUM RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**Baylson, J.** **October 1, 2026**

## I. INTRODUCTION

Ariela Hernandez ("Plaintiff") commenced this action asserting negligence claims arising out of a motor vehicle accident. Currently before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. For the reasons that follow, Plaintiff's Motion will be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This action stems from a serious car accident in which Plaintiff was injured as a passenger in 2024. See ECF 1-2 at 8. Plaintiff's initial Complaint—filed in the Chester County Court of Common Pleas before its removal to this Court—named as defendants Defendant Benjamin Loose, the driver of the vehicle in which Plaintiff rode as a passenger, and Defendant Kurt Loose, the owner of that vehicle; Defendant Benjamin Jenkins, the driver of the first commercial truck that struck Defendant Loose's vehicle, and Defendant Narvon Cutting Service LLC, the owner of that first commercial truck; and Defendant Christopher Wilson, the driver of a second commercial truck that struck Defendant Loose's vehicle, and Defendant Total

Transportation of Mississippi LLC, the owner of that second commercial truck. Id. at 6, 8. Defendants Total Transportation and Wilson filed a notice of removal in this Court on October 13, 2025. ECF 1.

On December 1, 2025, Defendants Benjamin Loose and Kurt Loose filed a Motion to Dismiss for Failure to State a Claim. ECF 13. The Court granted that Motion, with leave to amend, on January 7, 2026. See ECF 21.

On January 20, 2026, Plaintiff filed a First Amended Complaint. ECF 24. Defendants Benjamin Loose and Kurt Loose again filed a Motion to Dismiss on February 10, 2026. ECF 27. However, the Court denied Defendants' Motion, finding the First Amended Complaint sufficient in terms of its factual allegations on March 17, 2026. See ECF 31.

In answering Plaintiff's First Amended Complaint, all Defendants in this case have asserted crossclaims. See ECF 25 at 24; ECF 26 at 8; ECF 32 at 12–13. On June 16, 2026, this case was consolidated with a related action, Loose v. Jenkins, No. 26-2801. See ECF 46.

On August 19, 2026, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint. ECF 54. No Defendant in the case has filed a response in opposition to this Motion.

## III. ANALYSIS

Plaintiff seeks leave to file a Second Amended Complaint based on several pieces of evidence uncovered in discovery. See id. at 2. In light of these newly discovered facts, Plaintiff's Proposed Second Amended Complaint (ECF 54-1) would add four new claims: Direct Negligence (Failure to Implement Safety Policies) against Defendant Total Transportation (Count VIII); Negligent Training and Supervision against Defendant Total Transportation (Count IX); Negligent Retention against Defendant Total Transportation (Count X); Punitive Damages against Defendant Wilson and Defendant Total Transportation (Count XI). ECF 54-1 at 15–23.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course; otherwise, a party may amend only with the opposing party's written consent or with leave of the court. Fed. R. Civ. P. 15(a). Courts "should freely give leave when justice so requires." Id. While granting leave to amend is within the district court's discretion, the Third Circuit describes Rule 15 as a "directive in favor of amendment." Mullin v. Balicki, 875 F.3d 140, 150 (3d Cir. 2017). Courts should grant motions for leave to amend unless there is a reason justifying denial. See Foman v. Davis, 371 U.S. 178, 182 (1962). As the Third Circuit has explained: "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citation modified).

The circumstances here support granting Plaintiff leave to amend. Plaintiff has not repeatedly failed to cure deficiencies by amendments previously allowed. After filing a First Amended Complaint, Plaintiff seeks leave to file this Second Amended Complaint on an entirely distinct basis: because discovery has revealed new facts and given rise to new claims. There is nothing to suggest Plaintiff's bad faith or undue delay in seeking amendment on this basis. And, importantly, permitting amendment would not prejudice Defendants. See Mullin, 875 F.3d at 150 (citation omitted) (identifying prejudice to the non-moving party as the "touchstone for the denial of an amendment").

As indicated by the Third Circuit, the Court also considers futility of amendment when deciding whether to grant leave to amend. Amendment is deemed futile when the "the complaint, as amended, would fail to state a claim upon which relief could be granted." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011) (citing Great W. Mining & Min. Co. v. Fox

Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010)). The standard for determining futility is the "same standard of legal sufficiency as applies under Federal Rule of Procedure 12(b)(6)." Great W. Mining, 615 F.3d at 175 (citation modified) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). That is: the district court "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." Id. (citing Winer Fam. Tr. v. Queen, 503 F.3d 319, 330–31 (3d Cir. 2007)).

According to this standard, the Court notes that Count X of Plaintiff's Proposed Second Amended Complaint—alleging negligent retention against Total Transportation—appears futile. The Supreme Court of Pennsylvania has adopted the Restatement (Second) of Torts § 317 (1965) to evaluate claims of negligent retention, supervision, and hiring by employers. Gunn v. On the Border Acquisitions, LLC, 298 F. Supp. 3d 811, 825 n.12 (E.D. Pa. 2018) (Stengel, J.); Schofield v. Trs. of Univ. of Pennsylvania, 894 F. Supp. 194, 196 (E.D. Pa. 1995) (Joyner, J.) (citing Dempsey v. Walso Bureau, Inc., 246 A.2d 418, 421 (Pa. 1968)). To recover on a claim of negligent retention, a plaintiff "must demonstrate that her loss resulted from (1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment, (2) that is committed on the employer's premises, (3) when the employer knows or has reason to know of the necessity and ability to control the employee." Gunn, 298 F. Supp. at 825 (citing Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 477–78 (3d Cir. 2013)) (providing requirements for a "negligent retention" claim); Belmont, 708 F.3d at 487–88 (citing Dempsey, 246 A.2d at 420) (providing same elements for a "negligent supervision" claim). This type of claim also requires the four elements of common law negligence: duty, breach, causation, and damages. Belmont, 708 F.3d at 488 (citing Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 42 (Pa. Super. Ct. 2000)). The "main issue" in a negligent retention claim is "whether 'the

employer knew, or in the exercise of ordinary care, should have known of the necessity for exercising control over his employee.'" Schofield, 894 F. Supp. at 196 (quoting Dempsey, 246 A.2d at 422); see also Henry v. Marcelin, No. CV 24-1891, 2024 WL 4293055, at *3 (E.D. Pa. Sept. 25, 2024) (Arteaga, M.J.) (citations omitted) (explaining that, under Pennsylvania law, a plaintiff asserting a negligent retention claim must "show that [the employee's] prior bad acts would have put a reasonable employer on notice of [the employee's] propensity to injure others").

With all pleaded allegations taken as true and viewed in the light most favorable to Plaintiff, Count X of Plaintiff's Proposed Second Amended Complaint fails to state a claim upon which relief could be granted for negligent retention by Defendant Total Transportation. Count X alleges that Defendant Total Transportation breached its duty of care by retaining Defendant Wilson as a driver and "fail[ing] to supervise, discipline, suspend, or terminate him" when Total Transportation knew of his "dangerous, hostile, and reckless propensities." ECF 54-1 ¶ 138. The Count also identifies specific facts that allegedly provided Total Transportation with direct or constructive knowledge of these propensities. Id. ¶¶ 135–36.

However, Count X does not allege, as required by Pennsylvania law, that "[Plaintiff's] loss resulted from" Defendant Total Transportation's failure to control Defendant Wilson when it knew of the need to do so. Nowhere in Count X does Plaintiff allege that Total Transportation knew or had reason to know of Wilson's "dangerous, hostile, and reckless propensities" *prior to* the accident involving Plaintiff. Rather, Plaintiff alleges that Total Transportation acquired this actual or constructive knowledge exclusively from evidence obtained "*following* the catastrophic collision on May 14, 2024." Id. ¶ 135 (emphasis added). Plaintiff points only to dashcam audio of Defendant Wilson's "post-impact statement" following the accident and social media posts

made four to seven months after the accident as the sources of Total Transportation's requisite knowledge. Id. ¶¶ 135–36. Thus, even if Total Transportation's alleged knowledge and subsequent failure to act could amount to negligence, Plaintiff's accident-related losses did not "result from" such negligence. Plaintiff therefore fails to assert a negligent retention claim pursuant to the requirements of the Restatement (Second) of Torts § 317 (1965). Plaintiff's negligent retention claim likewise fails to plead the causation element of common law negligence.

Plaintiff tries to sidestep this causation issue by asserting that, "[a]s a direct and proximate result of Defendant Total Transportation of Mississippi LLC's negligent retention of Defendant Wilson, the motoring public was continuously exposed to an extreme risk of catastrophic harm, and Plaintiff's ongoing damages were actively ratified." Id. ¶ 141. The ratification argument is misplaced. Ratification is a theory by which a principal (here, Defendant Total Transportation) becomes subject to liability for the tortious acts of his agent (Defendant Wilson). Restatement (Second) of Agency § 218 (1958). Plaintiff's claim of negligent retention, however, asserts a theory of direct liability against Total Transportation. Heller v. Patwil Homes, Inc., 713 A.2d 105, 107 (Pa. Super. Ct. 1998) (identifying comparable claims of negligent hiring/supervising as imposing "direct employer liability for its negligence," distinguishable from an employer's vicarious liability for an employee's torts). Count X alleges that Defendant Total Transportation itself committed a tort: Total Transportation owed Plaintiff a duty of care and breached that duty. Plaintiff's references to ratification, a theory of vicarious liability, have no place in this claim. Plaintiff cites no authority suggesting otherwise.

Despite this apparent futility, the Court nevertheless will not preclude Plaintiff's negligent retention claim against Defendant Total Transportation in granting leave to amend. The

Court notes that none of the six named Defendants in this case have opposed Plaintiff's Motion for Leave to File a Second Amended Complaint. This lack of opposition bears acknowledgement here; indeed, some courts within this Circuit have even determined that, "[g]iven Rule 15(a)'s liberal standard, the burden rests with the party opposing amendment to show the existence of these factors [justifying denial of leave to amend]." Mooney v. Ainsworth, Inc., No. 5:25-CV-03598-JMG, 2026 WL 939213, at *2 (E.D. Pa. Apr. 7, 2026) (Gallagher, J.) (citing White v. Bush, No. 20-CV-2059, 2021 WL 2255981, at *6 (E.D. Pa. June 3, 2021) (Marston, J.) and Ogelsby v. Ferguson, No. 19-CV-5598, 2021 WL 2935987, at *3 (E.D. Pa. July 13, 2021) (Sitarski, M.J.)). With Rule 15(a)'s liberality and the lack of opposition from Defendants in mind, the Court will grant Plaintiff leave to file a Second Amended Complaint. Plaintiff may include all counts listed in the Proposed Second Amended Complaint.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-5869 Hernandez v Loose\25-5869, Memorandum for Order re SAC and Pretrial Scheduling.docx